IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHIRE-NPS PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMBIO, INC., AMBIOPHARM, INC., | ) | C.A. No. 17-397 (GMS) |
| PAR PHARMACEUTICAL COMPANIES, | ) | |
| INC., PAR PHARMACEUTICAL, INC., and | ) | |
| PAR STERILE PRODUCTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff Shire-NPS Pharmaceuticals, Inc. ("Plaintiff"), by its undersigned attorneys, for its Amended Complaint against defendants Ambio, Inc., AmbioPharm, Inc., Par Pharmaceutical Companies, Inc., Par Pharmaceutical, Inc., and Par Sterile Products, LLC (collectively "Defendants"), herein alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving United States Patent Nos. 7,056,886 ("the '886 patent"), 7,847,061 ("the '061 patent"), 9,060,992 ("the '992 patent"), 9,539,310 ("the '310 patent"), 9,545,434 ("the '434 patent"), 9,545,435 ("the '435 patent"), 9,555,079 ("the '079 patent"), 9,572,867 ("the '867 patent"), 9,592,273 ("the '273 patent"), and 9,592,274 ("the '274 patent") (collectively "the Patents in Suit") attached hereto as Exhibits A-J, respectively.

## THE PARTIES

2. Plaintiff Shire-NPS Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is located at 300 Shire

Way, Lexington, Massachusetts 02421.  Shire-NPS Pharmaceuticals, Inc. was formerly known as NPS Pharmaceuticals, Inc.

3.     Upon information and belief, Defendant Ambio, Inc. is a corporation organized and existing under the laws of the State of Nevada, and its principal place of business is located at 1024 Dittman Court, North Augusta, South Carolina 29842.

4.     Upon information and belief, Ambio, Inc. is in the business of, *inter alia*, the development, manufacture, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including throughout the State of Delaware.

5.     Upon information and belief, Defendant AmbioPharm, Inc. is a corporation organized and existing under the laws of the State of California, and its principal place of business is located at 1024 Dittman Court, North Augusta, South Carolina 29842.

6.     Upon information and belief, AmbioPharm, Inc. is in the business of, *inter alia*, the development, manufacture, marketing, sale, and distribution of drugs throughout the United States, including throughout the State of Delaware.  Upon information and belief, AmbioPharm, Inc. specializes in the development, manufacture, marketing, sale, and distribution of peptide-based active pharmaceutical ingredients used in new chemical entities and generic pharmaceutical products that are sold throughout the United States, including throughout the State of Delaware.

7.     Upon information and belief, Ambio, Inc. and AmbioPharm, Inc. have at least one officer and/or director in common, including Chris (Juncai) Bai as Chief Executive Officer and President, Snow Wang as Secretary, and Eric Bednarski as a member of the Board of Directors of Ambio, Inc. and a director of AmbioPharm, Inc.  Upon information and belief, Ambio, Inc.

2

and AmbioPharm, Inc. share a common principal place of business, website, and telephone number. *See infra* ¶ 59.

8.      Upon information and belief, Defendant Par Pharmaceutical Companies, Inc. is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is located at One Ram Ridge Road, Chestnut Ridge, New York 10977.

9.      Upon information and belief, Par Pharmaceutical Companies, Inc. is in the business of, *inter alia*:  (i) the development and manufacture of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware; (ii) alone, in concert with, and/or through its various subsidiaries, including defendants Par Pharmaceutical, Inc. and Par Sterile Products, LLC, the preparation, submission, and filing of Abbreviated New Drug Applications ("ANDAs") seeking U.S. Food and Drug Administration ("FDA") approval to market generic drugs throughout the United States, including throughout the State of Delaware; and (iii) alone, in concert with, and/or through its various subsidiaries, including defendants Par Pharmaceutical, Inc. and Par Sterile Products, LLC, the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware.

10.     Upon information and belief, Defendant Par Pharmaceutical, Inc. is a corporation organized and existing under the laws of the State of New York, and its principal place of business is located at One Ram Ridge Road, Chestnut Ridge, New York 10977.

11.     Upon information and belief, Par Pharmaceutical, Inc. is in the business of, *inter alia*:  (i) the development and manufacture of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware; (ii) alone, in concert with, and/or through its various subsidiaries, including defendant Par Sterile Products, LLC, the

3

preparation, submission, and filing of ANDAs seeking FDA approval to market generic drugs throughout the United States, including throughout the State of Delaware; and (iii) alone, in concert with, and/or through its various subsidiaries, including defendant Par Sterile Products, LLC, the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware.

12.    Upon information and belief, Par Pharmaceutical, Inc. is wholly owned by defendant Par Pharmaceutical Companies, Inc.    Upon information and belief, Par Pharmaceutical, Inc. acts at the direction of, under the control of, and for the direct benefit of Par Pharmaceutical Companies, Inc., and is controlled and/or dominated by Par Pharmaceutical Companies, Inc.  Upon information and belief, Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. have at least one officer and/or director in common.  *See* Par Pharmaceutical Companies, Inc.'s Form 10-K for the Year Ended December 31, 2014 ("Par Pharmaceutical Companies, Inc.'s Form 10-K") at 131-32.

13.    Upon information and belief, Defendant Par Sterile Products, LLC is a limited liability company organized and existing under the laws of the State of Delaware, and its principal place of business is located at 6 Ram Ridge Road, Chestnut Ridge, New York 10977.

14.    Upon information and belief, Par Sterile Products, LLC is in the business of, *inter alia*:    (i) the development and manufacture of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware; (ii) the preparation, submission, and filing of ANDAs seeking FDA approval to market generic drugs throughout the United States, including throughout the State of Delaware; and (iii) the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of Delaware.

4

15.     Upon information and belief, Par Sterile Products, LLC is an indirect, wholly-owned subsidiary of defendant Par Pharmaceutical, Inc.  Upon information and belief, Par Sterile Products, LLC is wholly owned by defendant Par Pharmaceutical Companies, Inc.  Upon information and belief, Par Sterile Products, LLC acts at the direction of, under the control of, and for the direct benefit of Par Pharmaceutical Companies, Inc. and/or Par Pharmaceutical, Inc., and is controlled and/or dominated by Par Pharmaceutical Companies, Inc. and/or Par Pharmaceutical, Inc.

16.     Par Pharmaceutical Companies, Inc.'s Form 10-K states that "[t]he majority of [its] revenues are generated by [its] generic products division" and that "[a]s of the fourth quarter of 2014, [it] or [its] strategic partners had approximately 115 ANDAs pending with the FDA, which included 32 first-to-file opportunities and six potential first-to-market product opportunities."  Par Pharmaceutical Companies, Inc.'s Form 10-K at 29, 81.  Par Pharmaceutical Companies, Inc.'s Form 10-K further states that Par Pharmaceutical Companies, Inc. "sells [its] products primarily in the United States" and that it markets its "generic products principally to wholesalers, drug store chains, supermarket chains, mass merchandisers, distributors, mail order accounts, hospitals and the government."  *Id.* at 13.

17.     According to Par Pharmaceutical Companies, Inc.'s Form 10-K, Par Pharmaceutical Companies, Inc. "is a Delaware holding company that, principally through its wholly owned operating subsidiary, Par Pharmaceutical, Inc., specializes in developing, licensing, manufacturing, marketing and distributing generic drugs in the United States."  *Id.* at 5.  Par Pharmaceutical Companies, Inc. further identifies the "Par Pharmaceutical" business segment as "includ[ing] both generic products marketed under Par Pharmaceutical and sterile products marketed under Par Sterile Products, LLC."  *Id.*  Par Pharmaceutical Companies, Inc.'s

5

Form 10-K also states that Par Sterile Products, LLC "focuses on the U.S. sterile injectable drug market" and "manufactures and sells branded and generic aseptic injectable pharmaceuticals in hospital and clinical settings." *Id.* at 9. Par Pharmaceutical Companies, Inc.'s Form 10-K further states that Par Pharmaceutical's "products are primarily sold through wholesalers, retailers and mail order pharmacies" and Par Sterile Products, LLC's "products are primarily sold through wholesalers, often via an arrangement with a group purchasing organization, prior to being dispensed at hospitals or directly administered by physicians." *Id.* at 7. Par Pharmaceutical Companies, Inc.'s Form 10-Q reports over $661 million in revenues for the Par Pharmaceutical business segment in the six months ended June 30, 2015. *See* Par Pharmaceutical Companies, Inc.'s Form 10-Q for the Quarterly Period Ended June 30, 2015 at 40.

18. Upon information and belief, Par Pharmaceutical Companies, Inc. manufactures and/or directs the manufacture of generic pharmaceutical products for which Par Pharmaceutical, Inc. is the named ANDA applicant, such products including Amlodipine and Valsartan Tablets (5 mg/160 mg, 10 mg/160 mg, 5 mg/320 mg, and 10 mg/320 mg); Glipizide Extended-Release Tablets (5 mg and 10 mg); and Dexamethasone Tablets (0.5 mg, 0.75 mg, 1.5 mg, 4 mg, and 6 mg). Upon information and belief, Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. derive substantial revenue from the sale of such generic pharmaceutical products.

19. Upon information and belief, Par Pharmaceutical Companies, Inc. manufactures generic pharmaceutical products for which Par Sterile Products, LLC is the named ANDA applicant, such products including Argatroban Injection (250 mg/2.5 mL (100 mg/mL)); Ethacrynate Sodium for Injection, USP (50 mg/vial); and Fluphenazine Decanoate Injection,

6

USP (25 mg/mL). Upon information and belief, Par Pharmaceutical Companies, Inc. and Par Sterile Products, LLC derive substantial revenue from the sale of such generic pharmaceutical products.

20. Upon information and belief, Par Pharmaceutical, Inc. directs the manufacture of and/or distributes generic pharmaceutical products for which Par Sterile Products, LLC is the named ANDA applicant, such products including Meropenem for Injection, USP (500 mg/vial and 1 g/vial); Mycophenolate Mofetil for Injection, USP (500 mg/vial); and Levothyroxine Sodium for Injection (200 mcg/vial). Upon information and belief, Par Pharmaceutical, Inc. and Par Sterile Products, LLC derive substantial revenue from the sale of such generic pharmaceutical products.

## JURISDICTION AND VENUE

21. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22. This Court has personal jurisdiction over Ambio, Inc. because, *inter alia*, upon information and belief, Ambio, Inc. regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Ambio, Inc. has continuous and systematic contacts with Delaware.

23. This Court also has personal jurisdiction over Ambio, Inc. because, *inter alia*, Ambio, Inc. has committed, encouraged, aided, abetted, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2)(A) that has led and/or will lead to foreseeable harm and injury to Plaintiff, a Delaware corporation. Ambio, Inc. prepared, submitted, and filed with the FDA, pursuant to § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(j)), ANDA No. 210023 seeking approval to engage

7

in the commercial manufacture, use, and/or sale of Teduglutide for Injection, 5 mg/vial ("Defendants' ANDA Product") throughout the United States, including in this judicial district, before the expiration of the Patents in Suit. In its efforts related to ANDA No. 210023, Ambio, Inc. partnered with Par Pharmaceutical, Inc. (*see infra* ¶ 60), which regularly conducts business in Delaware, is qualified to perform business under the laws of Delaware, has often submitted to jurisdiction in this Court, and has frequently availed itself of the rights, benefits, and privileges of this Court (*see infra* ¶¶ 29-32). Upon information and belief, in its efforts related to ANDA No. 210023, Ambio, Inc. worked with Par Sterile Products, LLC, a Delaware limited liability company.

24. This Court has personal jurisdiction over AmbioPharm, Inc. because, *inter alia*, upon information and belief, AmbioPharm, Inc. regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that AmbioPharm, Inc. has continuous and systematic contacts with Delaware. *See, e.g.*, Celldex Therapeutics, Inc. Form 10-K/A Amendment No. 1 for the Year Ended December 31, 2015 at 17, 44; VG Life Sciences Inc. Form 10-K for the Year Ended December 31, 2014 at 19, 34; Genspera, Inc. Form 10-Q for the Quarterly Period Ended March 31, 2012 at 24; Endocyte, Inc. Form 10-K for the Year Ended December 31, 2011 at 26.

25. This Court also has personal jurisdiction over AmbioPharm, Inc. because, *inter alia*, AmbioPharm, Inc. has committed, encouraged, aided, abetted, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2)(A) that has led and/or will lead to foreseeable harm and injury to Plaintiff, a Delaware corporation. Upon information and belief, as of May 15, 2017, the FDA website identifies AmbioPharm, Inc. as the

8

holder of Drug Master File ("DMF") No. 30583, Teduglutide Non-Sterile.  Upon information and belief, AmbioPharm, Inc. worked in concert with Ambio, Inc. (Par Pharmaceutical, Inc.'s partner) to prepare, submit, and file with the FDA, pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)), ANDA No. 210023 seeking approval to engage in the commercial manufacture, use, and/or sale of Defendants' ANDA Product (i.e., a generic teduglutide product) throughout the United States, including in this judicial district, before the expiration of the Patents in Suit.

26.    This Court has personal jurisdiction over Par Pharmaceutical Companies, Inc. because, *inter alia*, upon information and belief, Par Pharmaceutical Companies, Inc. is incorporated under the laws of the State of Delaware and has a registered agent for service of process in Delaware.

27.    This Court also has personal jurisdiction over Par Pharmaceutical Companies, Inc. because, *inter alia*, upon information and belief, Par Pharmaceutical Companies, Inc. regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Par Pharmaceutical Companies, Inc. has continuous and systematic contacts with Delaware.

28.    This Court also has personal jurisdiction over Par Pharmaceutical Companies, Inc. because, *inter alia*, Par Pharmaceutical Companies, Inc. has committed, encouraged, aided, abetted, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2)(A) that has led and/or will lead to foreseeable harm and injury to Plaintiff, a Delaware corporation.  Upon information and belief, Par Pharmaceutical Companies, Inc. directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. (Ambio, Inc.'s

9

partner) and/or Par Sterile Products, LLC to prepare, submit, and file with the FDA, pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)), ANDA No. 210023 seeking approval to engage in the commercial manufacture, use, and/or sale of Defendants' ANDA Product throughout the United States, including in this judicial district, before the expiration of the Patents in Suit.

29.     This Court has personal jurisdiction over Par Pharmaceutical, Inc. because, *inter alia*, upon information and belief, Par Pharmaceutical, Inc. regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Par Pharmaceutical, Inc. has continuous and systematic contacts with Delaware.

30.     This Court also has personal jurisdiction over Par Pharmaceutical, Inc. because, *inter alia,* Par Pharmaceutical, Inc. is qualified to do business under the laws of the State of Delaware under File No. 6125148 and has a registered agent for service of process in Delaware. Upon information and belief, Par Pharmaceutical, Inc. is "doing business as Par Pharmaceutical." *See* Endo International plc's Form 10-K for the Year Ended December 31, 2016 at Exhibit 21.1. Par Pharmaceutical holds an active pharmacy wholesale license for the State of Delaware under License No. A4-0002347 and an active distributor/manufacturer license for controlled substances for the State of Delaware under License No. DM-0011836.  As of May 15, 2017, Par Pharmaceutical's website states that its "sales place it among the leading generic pharmaceutical companies in the United States."  Par Pharmaceutical "[c]onducts manufacturing in the United States and abroad and markets and/or license more than 200 prescriptions drug products families," and has "[s]trong distribution relationships in place at top U.S. retail chains,

Case 1:17-cv-00397-RGA   Document 15   Filed 05/15/17   Page 11 of 70 PageID #: 166

wholesalers, distributors, managed care organizations, mail order pharmacies and group purchasing organizations."

31.     This Court also has personal jurisdiction over Par Pharmaceutical, Inc. because, *inter alia*, Par Pharmaceutical, Inc. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protection of the State of Delaware, having consented to jurisdiction in this Court, *see, e.g.*, *Novartis Pharmaceuticals Corp. v. Par Pharmaceutical, Inc.*, 1:15-cv-01050-RGA (D. Del. Dec. 4, 2015); *Cosmo Technologies Ltd. v. Par Pharmaceutical, Inc.*, 1:15-cv-01049-LPS (D. Del. Dec. 7, 2015); *Actavis Labs. U.T., Inc. v. Par Pharmaceutical, Inc.*, 1:15-cv-00886-LPS (D. Del. Dec. 1, 2015); *Acorda Therapeutics, Inc. v. Par Pharmaceutical, Inc.*, 1:15-cv-00824-LPS (D. Del. Oct. 7, 2015); *Ferring Pharmaceuticals Inc. v. Par Pharmaceutical, Inc.*, 1:15-cv-00173-RGA (D. Del. Mar. 13, 2015); *Cosmo Technologies Ltd. v. Par Pharmaceutical, Inc.*, 1:15-cv-00116-LPS (D. Del. Feb. 26, 2015); *Novartis Pharmaceuticals Corp. v. Par Pharmaceutical, Inc.*, 1:15-cv-00078-RGA (D. Del. Jan. 30, 2015); *Tris Pharma, Inc. v. Par Pharmaceutical, Inc.*, 1:15-cv-00068-GSM (D. Del. Feb. 12, 2015); *Reckitt Benckiser Pharmaceuticals Inc. v. Par Pharmaceutical, Inc.*, 1:14-cv-01573-RGA (D. Del. Jan. 26, 2015); *Novartis Pharmaceuticals Corp. v. Par Pharmaceutical, Inc.*, 1:14-cv-01494-RGA (D. Del. Jan. 16, 2015).

32.     This Court also has personal jurisdiction over Par Pharmaceutical, Inc. because, *inter alia*, Par Pharmaceutical, Inc. has previously availed itself of the rights, benefits, and privileges of this Court by asserting claims in prior Delaware actions, *see, e.g.*, *Novartis Pharmaceuticals Corp. v. Par Pharmaceutical, Inc.*, 1:15-cv-01050-RGA (D. Del. Dec. 4, 2015); *Cosmo Technologies Ltd. v. Par Pharmaceutical, Inc.*, 1:15-cv-01049-LPS (D. Del. Dec. 7, 2015); *Actavis Labs. U.T., Inc. v. Par Pharmaceutical, Inc.*, 1:15-cv-00886-LPS (D. Del. Dec. 1,

11

2015); *Acorda Therapeutics, Inc. v. Par Pharmaceutical, Inc.*, 1:15-cv-00824-LPS (D. Del. Oct. 7, 2015); *Ferring Pharmaceuticals Inc. v. Par Pharmaceutical, Inc.*, 1:15-cv-00173-RGA (D. Del. Mar. 13, 2015); *Cosmo Technologies Ltd. v. Par Pharmaceutical, Inc.*, 1:15-cv-00116-LPS (D. Del. Feb. 26, 2015); *Novartis Pharmaceuticals Corp. v. Par Pharmaceutical, Inc.,* 1:15-cv-00078-RGA (D. Del. Jan. 30, 2015); *Tris Pharma, Inc. v. Par Pharmaceutical, Inc.*, 1:15-cv-00068-GSM (D. Del. Feb. 12, 2015); *Reckitt Benckiser Pharmaceuticals Inc. v. Par Pharmaceutical, Inc.*, 1:14-cv-01573-RGA (D. Del. Jan. 26, 2015); *Novartis Pharmaceuticals Corp. v. Par Pharmaceutical, Inc.*, 1:14-cv-01494-RGA (D. Del. Jan. 16, 2015).

33.     This Court also has personal jurisdiction over Par Pharmaceutical, Inc. because, *inter alia*, Par Pharmaceutical, Inc. has committed, encouraged, aided, abetted, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2)(A) that has led and/or will lead to foreseeable harm and injury to Plaintiff, a Delaware corporation.  Par Pharmaceutical, Inc. together with its partner Ambio, Inc., prepared, submitted, and filed with the FDA, pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)), ANDA No. 210023 seeking approval to engage in the commercial manufacture, use, and/or sale of Defendants' ANDA Product throughout the United States, including in this judicial district, before the expiration of the Patents in Suit.

34.     This Court has personal jurisdiction over Par Sterile Products, LLC because, *inter alia*, upon information and belief, Par Sterile Products, LLC is organized under the laws of the State of Delaware and has a registered agent for service of process in Delaware.

35.     This Court also has personal jurisdiction over Par Sterile Products, LLC because, *inter alia*, upon information and belief, Par Sterile Products, LLC regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives

12

substantial revenue from services or things used or consumed in Delaware, demonstrating that Par Sterile Products, LLC has continuous and systematic contacts with Delaware.

36. This Court also has personal jurisdiction over Par Sterile Products, LLC because Par Sterile Products, LLC holds an active pharmacy wholesale license for the State of Delaware under License No. A4-0002209 and an active distributor/manufacturer license for controlled substances for the State of Delaware under License No. DM-0010911.

37. This Court also has personal jurisdiction over Par Sterile Products, LLC because, *inter alia*, Par Sterile Products, LLC has committed, encouraged, aided, abetted, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2)(A) that has led and/or will lead to foreseeable harm and injury to Plaintiff, a Delaware corporation. Upon information and belief, Par Sterile Products, LLC is the current owner of ANDA No. 210023 and/or worked in concert with Par Pharmaceutical, Inc. (Ambio, Inc.'s partner) to prepare, submit, and file with the FDA, pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)), ANDA No. 210023 seeking approval to engage in the commercial manufacture, use, and/or sale of Defendants' ANDA Product (i.e., a generic teduglutide product) throughout the United States, including in this judicial district, before the expiration of the Patents in Suit.

38. Upon information and belief, if ANDA No. 210023 is approved, Defendants' ANDA Product will, *inter alia*, be marketed and distributed by Defendants in the State of Delaware, prescribed by physicians practicing in the State of Delaware, dispensed by pharmacies located within the State of Delaware, and/or used by patients in the State of Delaware.

39. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

**BACKGROUND FACTS**

40.     Plaintiff owns New Drug Application No. 203441 for teduglutide [rDNA origin], which was approved on December 21, 2012 and is marketed under the name GATTEX®.  GATTEX is supplied as a single-use glass vial containing 5 mg of teduglutide as a white, lyophilized powder for reconstitution with 0.5 mL Sterile Water for Injection provided in a prefilled syringe.  GATTEX is sold in either a one-vial kit or a 30-vial kit.

41.     GATTEX (teduglutide [rDNA origin]) for injection is a glucagon-like peptide-2 (GLP-2) analog.  The approved label for GATTEX states that it is indicated for the treatment of adult patients with Short Bowel Syndrome who are dependent on parenteral support.  One or more claims of the Patents in Suit cover the use of GATTEX to treat the indication in the approved label for GATTEX.

42.     The approved label for GATTEX instructs and encourages subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists to use GATTEX according to one or more of the methods claimed in the Patents in Suit.

43.     The '886 patent, entitled "GLP-2 Formulations," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 6, 2006.  Plaintiff owns the '886 patent.

44.     The '061 patent, entitled "Treatment of Short Bowel Syndrome Patients with Colon-in-Continuity" was duly and legally issued by the USPTO on December 7, 2010.  Plaintiff owns the '061 patent.

45.     The '992 patent, entitled "Treatment of Short Bowel Syndrome Patients with Colon-in-Continuity" was duly and legally issued by the USPTO on June 23, 2015.  Plaintiff owns the '992 patent.

14

46. The '310 patent, entitled "Treatment of Short Bowel Syndrome Patients with Colon-in-Continuity" was duly and legally issued by the USPTO on January 10, 2017. Plaintiff owns the '310 patent.

47. The '434 patent, entitled "Treatment of Short Bowel Syndrome Patients with Colon-in-Continuity" was duly and legally issued by the USPTO on January 17, 2017. Plaintiff owns the '434 patent.

48. The '435 patent, entitled "Treatment of Short Bowel Syndrome Patients with Colon-in-Continuity" was duly and legally issued by the USPTO on January 17, 2017. Plaintiff owns the '435 patent.

49. The '079 patent, entitled "Treatment of Short Bowel Syndrome Patients with Colon-in-Continuity" was duly and legally issued by the USPTO on January 31, 2017. Plaintiff owns the '079 patent.

50. The '867 patent, entitled "Treatment of Short Bowel Syndrome Patients with Colon-in-Continuity" was duly and legally issued by the USPTO on February 21, 2017. Plaintiff owns the '867 patent.

51. The '273 patent, entitled "Treatment of Short Bowel Syndrome Patients with Colon-in-Continuity" was duly and legally issued by the USPTO on March 14, 2017. Plaintiff owns the '273 patent.

52. The '274 patent, entitled "Treatment of Short Bowel Syndrome Patients with Colon-in-Continuity" was duly and legally issued by the USPTO on March 14, 2017. Plaintiff owns the '274 patent.

53.     Pursuant to 21 U.S.C. § 355(b)(1), the Patents in Suit are listed in the FDA's publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "*Orange Book*") as covering GATTEX or methods of using GATTEX.

54.     Upon information and belief, Defendants prepared, submitted, and filed ANDA No. 210023 under § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)), seeking approval from the FDA to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product. Defendants included in ANDA No. 210023 a "paragraph IV" certification seeking such approval before the expiration of the Patents in Suit. And upon information and belief, upon approval of ANDA No. 210023, Defendants will be involved, directly and/or indirectly, in the manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product.

55.     Upon information and belief, Defendants' proposed labeling for their ANDA Product copies the approved label for GATTEX. Upon information and belief, Defendants intend, conditioned upon FDA approval of ANDA No. 210023, to market Defendants' ANDA Product for the indication included in the approved label for GATTEX. Upon information and belief, Defendants also intend for medical practitioners and/or physicians to prescribe, and for patients to use, Defendants' ANDA Product in accordance with, and as directed by, Defendants' proposed labeling for Defendants' ANDA Product.

56.     21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." Likewise, 21 C.F.R. § 314.95(c)(6) requires that such a letter include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." The detailed statement must include "(i) [f]or each

16

claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."  21 C.F.R. § 314.95(c)(6)(i)-(ii).

57.     Plaintiff received a letter dated February 28, 2017 that was purportedly sent pursuant to § 505(j)(2)(B)(ii) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(ii) regarding Defendants' ANDA Product and the '886, '061, and '992 patents (the "February 28 Notice Letter").

58.     Plaintiff received a letter dated April 3, 2017 that was purportedly sent pursuant to § 505(j)(2)(B)(ii) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(ii) regarding Defendants' ANDA Product and the '310, '434, '435, '079, '867, '273 and '274 patents (the "April 3 Notice Letter").

59.     The February 28 Notice Letter and the April 3 Notice Letter are provided on letterhead branded with the general logo "Ambio."  The return address on the letterhead indicates that the letters are from "Ambio, Inc." located at 1024 Dittman Court, North Augusta, South Carolina 29842.  The website contact on the letterhead is www.ambiopharm.com, and a phone number on the letterhead of 803-442-7590 is the phone number identified on the www.ambiopharm.com website for the USA Headquarters of AmbioPharm, Inc.  The February 28 Notice Letter and the Offer of Confidential Access ("OCA") included in the February 28 Notice Letter were signed by Chris Bai, identified as CEO, on behalf of Ambio, Inc.  The April 3 Notice Letter was signed by Chris Bai, identified as CEO, on behalf of Ambio, Inc. and the OCA included in the April 3 Notice Letter was signed by Simrat Singh, identified as Vice President of Operations, on behalf of Ambio, Inc.

60.     The February 28 Notice Letter and the April 3 Notice Letter state:  "This is a notice of certification letter on behalf of abbreviated new drug application holder Ambio, Inc.

17

and its partner Par Pharmaceutical, Inc. (collectively, 'Ambio')." The February 28 Notice Letter and the April 3 Notice Letter and the accompanying OCAs were signed by William Mcintyre, identified as Senior Vice President, Regulatory Affairs, on behalf of Par Pharmaceutical. The Federal Express labels on the February 28 Notice Letter and the April 3 Notice Letter indicate that they were sent from Par Pharmaceutical, One Ram Ridge Road, Chestnut Ridge, New York.

61.   The February 28 Notice Letter does not include any invalidity contentions with respect to any claim of the '886 patent.

62.   The February 28 Notice Letter does not include any noninfringement contentions with respect to any claim of the '061 or '992 patents.

63.   The April 3 Notice Letter does not include any noninfringement contentions with respect to any claim of the '310, '434, '435, '079, '867, '273 and '274 patents.

64.   The February 28 Notice Letter included an OCA purportedly pursuant to 21 U.S.C. § 355(j)(5)(C).  Plaintiff objected to certain provisions of the OCA as unreasonable and in violation of 21 U.S.C. § 355(j)(5)(C)(i)(III).  By way of example only, the OCA contains a patent prosecution bar, even though no facts have been provided to show that there is good cause to impose such a bar.

65.   The April 3 Notice Letter included an OCA purportedly pursuant to 21 U.S.C. § 355(j)(5)(C).  The April 3 Notice Letter included the same provisions as the February 28 Notice Letter that Plaintiff found objectionable.

66.   Within 45 days of receipt of the February 28 Notice Letter, on April 10, 2017, Plaintiff filed a complaint against Ambio, Inc., AmbioPharm, Inc., Par Pharmaceutical Companies, Inc., and Par Pharmaceutical, Inc. for infringement of the '886, '061, and '992 patents.  (D.I. 1, C.A. No. 17-397 (GMS).)

67.     Upon information and belief, on April 21, 2017, ownership of ANDA No. 210023 was transferred from Ambio, Inc. to Par Sterile Products, LLC.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '886 Patent)

68.     Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

69.     Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '886 patent.

70.     Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

71.     Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '886 patent.

72.     Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '886 patent.

73.     Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

74.     Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '886 patent.

75.     Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile

Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '886 patent.

76. Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

77. Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '886 patent.

78. Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '886 patent.

79. Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

80. Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '886 patent.

81. Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—a product claimed and the methods of making and use of which are claimed in the '886 patent—before the expiration of the '886 patent.

82. Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '886 patent.

83. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

84. The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '886 patent was an act of infringement by Defendants of one or more claims of the '886 patent under 35 U.S.C. § 271(e)(2)(A).

85. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would infringe, directly and/or indirectly, one or more claims of the '886 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

86. Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '886 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

87. Defendants knew of the existence of the '886 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '886 patent.

88. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly

21

encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '886 patent. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '886 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

89.   Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '886 patent.

90.   Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '886 patent.

91.   Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct,

22

urge, aid, and otherwise induce infringement of the '886 patent. Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

92.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '886 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '886 patent; (ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '886 patent; and (iii) Defendants' ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

93.    Upon information and belief, by knowingly inducing, encouraging, aiding, abetting, contributing to, and/or participating in Ambio, Inc.'s commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product, AmbioPharm, Inc. will induce and/or contribute to Ambio, Inc.'s infringement of the '886 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

94.    Upon information and belief, by knowingly inducing, encouraging, aiding, abetting, directing, controlling, contributing to, and/or participating in Par Pharmaceutical, Inc.'s commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product, Par Pharmaceutical Companies, Inc. will induce and/or contribute to Par Pharmaceutical, Inc.'s infringement of the '886 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

23

95.    Upon information and belief, by knowingly inducing, encouraging, aiding, abetting, directing, controlling, contributing to, and/or participating in Par Sterile Products, LLC's commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product, Par Pharmaceutical Companies, Inc. will induce and/or contribute to Par Sterile Products, LLC's infringement of the '886 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

96.    Upon information and belief, by knowingly inducing, encouraging, aiding, abetting, directing, controlling, contributing to, and/or participating in Par Sterile Products, LLC's commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product, Par Pharmaceutical, Inc. will induce and/or contribute to Par Sterile Products, LLC's infringement of the '886 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

97.    Upon information and belief, by knowingly inducing, encouraging, aiding, abetting, directing, controlling, contributing to, and/or participating in Par Pharmaceutical, Inc.'s commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product, Par Sterile Products, LLC will induce and/or contribute to Par Pharmaceutical, Inc.'s infringement of the '886 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

98.    Defendants' infringement of the '886 patent will cause Plaintiff to suffer irreparable harm.  Defendants' infringement will continue unless enjoined by the Court.  Plaintiff has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '886 patent.

99.    At least as of the date of the February 28 Notice Letter, Defendants were aware of the existence of the '886 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that

24

they would not infringe one or more valid claims of the '886 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '061 Patent)

100. Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

101. Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '061 patent.

102. Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

103. Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '061 patent.

104. Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '061 patent.

105. Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

106. Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '061 patent.

107. Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile

Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '061 patent.

108.    Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

109.    Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '061 patent.

110.    Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '061 patent.

111.    Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

112.    Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '061 patent.

113.    Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the methods of use of which are claimed in the '061 patent—before the expiration of the '061 patent.

26

114.   Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '061 patent.

115.   Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

116.   The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '061 patent was an act of infringement by Defendants of one or more claims of the '061 patent under 35 U.S.C. § 271(e)(2)(A).

117.   Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would indirectly infringe one or more claims of the '061 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

118.   Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '061 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

119.   Defendants knew of the existence of the '061 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '061 patent.

120.   Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly

27

encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to use products in a manner that infringes the claims of the '061 patent. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '061 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

121. Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '061 patent.

122. Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '061 patent.

123. Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct,

28

urge, aid, and otherwise induce infringement of the '061 patent. Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

124. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '061 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '061 patent; (ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '061 patent; and (iii) Defendants' ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

125. Defendants' infringement of the '061 patent will cause Plaintiff to suffer irreparable harm. Defendants' infringement will continue unless enjoined by the Court. Plaintiff has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '061 patent.

126. At least as of the date of the February 28 Notice Letter, Defendants were aware of the existence of the '061 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that they would not infringe one or more valid claims of the '061 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

### THIRD CLAIM FOR RELIEF
**(Infringement of the '992 Patent)**

127. Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

29

128. Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '992 patent.

129. Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

130. Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '992 patent.

131. Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '992 patent.

132. Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

133. Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '992 patent.

134. Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '992 patent.

135. Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products,

LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

136. Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '992 patent.

137. Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '992 patent.

138. Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

139. Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '992 patent.

140. Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the methods of use of which are claimed in the '992 patent—before the expiration of the '992 patent.

141. Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '992 patent.

142. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

143. The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '992 patent was an act of infringement by Defendants of one or more claims of the '992 patent under 35 U.S.C. § 271(e)(2)(A).

144. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would indirectly infringe one or more claims of the '992 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

145. Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '992 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

146. Defendants knew of the existence of the '992 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '992 patent.

147. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to use products in a manner that infringes the claims of the '992 patent. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants

32

know that their actions will induce acts that constitute direct infringement of claims of the '992 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

148. Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '992 patent.

149. Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '992 patent.

150. Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct, urge, aid, and otherwise induce infringement of the '992 patent. Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

151. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '992 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '992 patent;

(ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '992 patent; and (iii) Defendants' ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

152. Defendants' infringement of the '992 patent will cause Plaintiff to suffer irreparable harm. Defendants' infringement will continue unless enjoined by the Court. Plaintiff has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '992 patent.

153. At least as of the date of the February 28 Notice Letter, Defendants were aware of the existence of the '992 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that they would not infringe one or more valid claims of the '992 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

## FOURTH CLAIM FOR RELIEF
### (Infringement of the '310 Patent)

154. Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

155. Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '310 patent.

156. Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

34

157. Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '310 patent.

158. Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '310 patent.

159. Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

160. Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '310 patent.

161. Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '310 patent.

162. Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

163. Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '310 patent.

164.    Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '310 patent.

165.    Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

166.    Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '310 patent.

167.    Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the methods of use of which are claimed in the '310 patent—before the expiration of the '310 patent.

168.    Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '310 patent.

169.    Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

170.    The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '310 patent was an act of infringement by Defendants of one or more claims of the '310 patent under 35 U.S.C. § 271(e)(2)(A).

171.    Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would indirectly infringe one or more claims of the '310 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

172.    Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '310 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

173.    Defendants knew of the existence of the '310 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '310 patent.

174.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to use products in a manner that infringes the claims of the '310 patent. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '310 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

175.    Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '310 patent.

176.    Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '310 patent.

177.    Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct, urge, aid, and otherwise induce infringement of the '310 patent.  Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

178.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '310 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '310 patent; (ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '310 patent; and (iii) Defendants'

38

ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

179. Defendants' infringement of the '310 patent will cause Plaintiff to suffer irreparable harm. Defendants' infringement will continue unless enjoined by the Court. Plaintiff has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '310 patent.

180. At least as of the date of the April 3 Notice Letter, Defendants were aware of the existence of the '310 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that they would not infringe one or more valid claims of the '310 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

## FIFTH CLAIM FOR RELIEF
### (Infringement of the '434 Patent)

181. Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

182. Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '434 patent.

183. Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

184. Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '434 patent.

39

185. Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '434 patent.

186. Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

187. Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '434 patent.

188. Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '434 patent.

189. Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

190. Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '434 patent.

191. Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '434 patent.

40

192. Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

193. Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '434 patent.

194. Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the methods of use of which are claimed in the '434 patent—before the expiration of the '434 patent.

195. Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '434 patent.

196. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

197. The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '434 patent was an act of infringement by Defendants of one or more claims of the '434 patent under 35 U.S.C. § 271(e)(2)(A).

198. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would indirectly infringe one or more claims of the '434 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

199. Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '434 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

200. Defendants knew of the existence of the '434 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '434 patent.

201. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to use products in a manner that infringes the claims of the '434 patent. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '434 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

202. Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients,

caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '434 patent.

203.   Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '434 patent.

204.   Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct, urge, aid, and otherwise induce infringement of the '434 patent.  Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

205.   Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '434 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '434 patent; (ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '434 patent; and (iii) Defendants' ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

206.   Defendants' infringement of the '434 patent will cause Plaintiff to suffer irreparable harm.  Defendants' infringement will continue unless enjoined by the Court.  Plaintiff

has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '434 patent.

207.   At least as of the date of the April 3 Notice Letter, Defendants were aware of the existence of the '434 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that they would not infringe one or more valid claims of the '434 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

## SIXTH CLAIM FOR RELIEF
### (Infringement of the '435 Patent)

208.   Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

209.   Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '435 patent.

210.   Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

211.   Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '435 patent.

212.   Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '435 patent.

44

213. Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

214. Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '435 patent.

215. Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '435 patent.

216. Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

217. Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '435 patent.

218. Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '435 patent.

219. Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

220. Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '435 patent.

221. Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the methods of use of which are claimed in the '435 patent—before the expiration of the '435 patent.

222. Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '435 patent.

223. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

224. The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '435 patent was an act of infringement by Defendants of one or more claims of the '435 patent under 35 U.S.C. § 271(e)(2)(A).

225. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would indirectly infringe one or more claims of the '435 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

226. Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '435 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

227. Defendants knew of the existence of the '435 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '435 patent.

228. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to use products in a manner that infringes the claims of the '435 patent. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '435 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

229. Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '435 patent.

230. Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the

47

instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '435 patent.

231.   Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct, urge, aid, and otherwise induce infringement of the '435 patent.  Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

232.   Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '435 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '435 patent; (ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '435 patent; and (iii) Defendants' ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

233.   Defendants' infringement of the '435 patent will cause Plaintiff to suffer irreparable harm.  Defendants' infringement will continue unless enjoined by the Court.  Plaintiff has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '435 patent.

234.   At least as of the date of the April 3 Notice Letter, Defendants were aware of the existence of the '435 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that

48

they would not infringe one or more valid claims of the '435 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

## SEVENTH CLAIM FOR RELIEF
### (Infringement of the '079 Patent)

235.   Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

236.   Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '079 patent.

237.   Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

238.   Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '079 patent.

239.   Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '079 patent.

240.   Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

241.   Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '079 patent.

242.   Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile

49

Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '079 patent.

243. Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

244. Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '079 patent.

245. Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '079 patent.

246. Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

247. Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '079 patent.

248. Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the methods of use of which are claimed in the '079 patent—before the expiration of the '079 patent.

249. Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '079 patent.

250. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

251. The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '079 patent was an act of infringement by Defendants of one or more claims of the '079 patent under 35 U.S.C. § 271(e)(2)(A).

252. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would indirectly infringe one or more claims of the '079 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

253. Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '079 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

254. Defendants knew of the existence of the '079 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '079 patent.

255. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly

51

encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to use products in a manner that infringes the claims of the '079 patent. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '079 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

256. Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '079 patent.

257. Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '079 patent.

258. Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct,

urge, aid, and otherwise induce infringement of the '079 patent. Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

259. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '079 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '079 patent; (ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '079 patent; and (iii) Defendants' ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

260. Defendants' infringement of the '079 patent will cause Plaintiff to suffer irreparable harm. Defendants' infringement will continue unless enjoined by the Court. Plaintiff has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '079 patent.

261. At least as of the date of the April 3 Notice Letter, Defendants were aware of the existence of the '079 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that they would not infringe one or more valid claims of the '079 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

## EIGHTH CLAIM FOR RELIEF
### (Infringement of the '867 Patent)

262. Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

263. Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '867 patent.

264. Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

265. Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '867 patent.

266. Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '867 patent.

267. Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

268. Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '867 patent.

269. Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '867 patent.

270. Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products,

54

LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

271. Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '867 patent.

272. Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '867 patent.

273. Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

274. Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '867 patent.

275. Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the methods of use of which are claimed in the '867 patent—before the expiration of the '867 patent.

276. Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '867 patent.

277. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

55

278. The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '867 patent was an act of infringement by Defendants of one or more claims of the '867 patent under 35 U.S.C. § 271(e)(2)(A).

279. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would indirectly infringe one or more claims of the '867 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

280. Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '867 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

281. Defendants knew of the existence of the '867 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '867 patent.

282. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to use products in a manner that infringes the claims of the '867 patent. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants

know that their actions will induce acts that constitute direct infringement of claims of the '867 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

283.    Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '867 patent.

284.    Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '867 patent.

285.    Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct, urge, aid, and otherwise induce infringement of the '867 patent. Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

286.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '867 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '867 patent;

57

(ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '867 patent; and (iii) Defendants' ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

287.    Defendants' infringement of the '867 patent will cause Plaintiff to suffer irreparable harm.  Defendants' infringement will continue unless enjoined by the Court.  Plaintiff has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '867 patent.

288.    At least as of the date of the April 3 Notice Letter, Defendants were aware of the existence of the '867 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that they would not infringe one or more valid claims of the '867 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

## NINTH CLAIM FOR RELIEF
### (Infringement of the '273 Patent)

289.    Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

290.    Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '273 patent.

291.    Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

292.    Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '273 patent.

293.    Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '273 patent.

294.    Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

295.    Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '273 patent.

296.    Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '273 patent.

297.    Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

298.    Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '273 patent.

299.   Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '273 patent.

300.   Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

301.   Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '273 patent.

302.   Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the methods of use of which are claimed in the '273 patent—before the expiration of the '273 patent.

303.   Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '273 patent.

304.   Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

305.   The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '273 patent was an act of infringement by Defendants of one or more claims of the '273 patent under 35 U.S.C. § 271(e)(2)(A).

306.    Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would indirectly infringe one or more claims of the '273 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

307.    Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '273 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

308.    Defendants knew of the existence of the '273 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '273 patent.

309.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to use products in a manner that infringes the claims of the '273 patent.  Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '273 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

310. Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '273 patent.

311. Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '273 patent.

312. Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct, urge, aid, and otherwise induce infringement of the '273 patent. Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

313. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '273 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '273 patent; (ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '273 patent; and (iii) Defendants'

62

ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

314. Defendants' infringement of the '273 patent will cause Plaintiff to suffer irreparable harm. Defendants' infringement will continue unless enjoined by the Court. Plaintiff has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '273 patent.

315. At least as of the date of the April 3 Notice Letter, Defendants were aware of the existence of the '273 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that they would not infringe one or more valid claims of the '273 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

## TENTH CLAIM FOR RELIEF
### (Infringement of the '274 Patent)

316. Plaintiff repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

317. Upon information and belief, AmbioPharm, Inc. actively worked in concert with Ambio, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '274 patent.

318. Upon information and belief, AmbioPharm, Inc. will actively work in concert with Ambio, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

319. Upon information and belief, AmbioPharm, Inc. is jointly and severally liable for Ambio, Inc.'s infringement of one or more claims of the '274 patent.

320. Upon information and belief, Par Sterile Products, LLC actively worked in concert with Par Pharmaceutical, Inc. to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '274 patent.

321. Upon information and belief, Par Sterile Products, LLC will actively work in concert with Par Pharmaceutical, Inc. to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

322. Upon information and belief, Par Sterile Products, LLC is jointly and severally liable for Par Pharmaceutical, Inc.'s infringement of one or more claims of the '274 patent.

323. Upon information and belief, Par Pharmaceutical Companies, Inc. actively directed, controlled, and/or worked in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '274 patent.

324. Upon information and belief, Par Pharmaceutical Companies, Inc. will actively direct, control, and/or work in concert with Par Pharmaceutical, Inc. and/or Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

325. Upon information and belief, Par Pharmaceutical Companies, Inc. is jointly and severally liable for Par Pharmaceutical, Inc.'s and/or Par Sterile Products, LLC's infringement of one or more claims of the '274 patent.

326. Upon information and belief, Par Pharmaceutical, Inc. actively directed, controlled, and/or worked in concert with Par Sterile Products, LLC to prepare, submit, and file ANDA No. 210023 with a paragraph IV certification to the '274 patent.

327. Upon information and belief, Par Pharmaceutical, Inc. will actively direct, control, and/or work in concert with Par Sterile Products, LLC to commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product.

328. Upon information and belief, Par Pharmaceutical, Inc. is jointly and severally liable for Par Sterile Products, LLC's infringement of one or more claims of the '274 patent.

329. Upon information and belief, Defendants have submitted ANDA No. 210023 to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product—the methods of use of which are claimed in the '274 patent—before the expiration of the '274 patent.

330. Upon information and belief, Defendants included in ANDA No. 210023 a paragraph IV certification in an attempt to obtain approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '274 patent.

331. Upon information and belief, Defendants will commercially manufacture, use, sell, offer for sale, and/or import Defendants' ANDA Product upon, or in anticipation of, FDA approval.

332. The submission of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '274 patent was an act of infringement by Defendants of one or more claims of the '274 patent under 35 U.S.C. § 271(e)(2)(A).

333. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product would indirectly infringe one or more claims of the '274 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

334.   Upon information and belief, the sale or offer for sale of Defendants' ANDA Product by Defendants would induce and/or contribute to third-party infringement of one or more claims of the '274 patent under 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

335.   Defendants knew of the existence of the '274 patent, as evidenced by Defendants' filing of ANDA No. 210023 with a paragraph IV certification specifically referencing the '274 patent.

336.   Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (*e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to use products in a manner that infringes the claims of the '274 patent. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '274 patent by, *e.g.*, wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

337.   Upon information and belief, Defendants will include within the packaging of Defendants' ANDA Product, or will otherwise make available to prospective subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists upon FDA approval, a label, package insert, and/or medication guide that instructs and encourages subjects, patients,

66

caretakers, medical practitioners, physicians, and/or pharmacists to perform one or more of the methods claimed in the '274 patent.

338.    Upon information and belief, the use of Defendants' ANDA Product by subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists according to the instructions included in the labeling, package insert, and/or medication guide will constitute an act of direct infringement of one or more of the methods claimed in the '274 patent.

339.    Upon information and belief, through the labeling, package insert, and/or medication guide for Defendants' ANDA Product, Defendants will market Defendants' ANDA Product with the specific intent, and/or with the desire to actively encourage, advise, instruct, urge, aid, and otherwise induce infringement of the '274 patent.  Upon information and belief, Defendants know that their conduct will induce acts that constitute infringement.

340.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Product and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to infringement of claims of the '274 patent by third parties because: (i) Defendants' ANDA Product constitutes a material part of the methods of treatment claimed in the '274 patent; (ii) Defendants know or should know that Defendants' ANDA Product will be made for uses that directly infringe the methods of treatment claimed in the '274 patent; and (iii) Defendants' ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

341.    Defendants' infringement of the '274 patent will cause Plaintiff to suffer irreparable harm.  Defendants' infringement will continue unless enjoined by the Court.  Plaintiff

has no adequate remedy at law and thus preliminary and permanent injunctions are appropriate to prohibit Defendants from infringing the '274 patent.

342. At least as of the date of the April 3 Notice Letter, Defendants were aware of the existence of the '274 patent—as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95—and acted without a reasonable basis for believing that they would not infringe one or more valid claims of the '274 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A Judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of ANDA No. 210023 with a paragraph IV certification for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Product before the expiration of the '886, '061, '992, '310, '434, '435, '079, '867, '273, and '274 patents constitutes an act of infringement of the '886, '061, '992, '310, '434, '435, '079, '867, '273, and '274 patents by Defendants;

B. A Judgment declaring that, pursuant to 35 U.S.C. §§ 271(a), (b), and (c), the commercial manufacture, use, sale, offer for sale and/or importation in the United States of Defendants' ANDA Product before the expiration of the '886, '061, '992, '310, '434, '435, '079, '867, '273, and '274 patents would directly and indirectly infringe the '886, '061, '992, '310, '434, '435, '079, '867, '273, and '274 patents;

C. An Order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Defendants' ANDA Product shall be no earlier than the latest date of expiry of the '886, '061, '992, '310, '434, '435, '079, '867, '273, and '274 patents, including any regulatory extensions;

D.      Injunctive relief pursuant to 35 U.S.C. § 271(e)(4)(B) precluding Defendants from manufacturing, using, selling, offering to sell, or importing Defendants' ANDA Product prior to the date on which the '886, '061, '992, '310, '434, '435, '079, '867, '273, and '274 patents have expired, including any regulatory extensions;

E.      A Judgment awarding Plaintiff damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, if Defendants commercially manufacture, use, sell, offer for sale, and/or import any product that is the subject of ANDA No. 210023 that infringes the '886, '061, '992, '310, '434, '435, '079, '867, '273, and '274 patents;

F.      A Judgment declaring that, pursuant to 35 U.S.C. § 285, this is an exceptional case and awarding Plaintiff its attorneys' fees;

G.      A Judgment awarding Plaintiff its costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920; and

H.      Such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

OF COUNSEL:

*Attorneys for Plaintiff*

Edgar H. Haug
Sandra Kuzmich, Ph.D.
HAUG PARTNERS LLP
745 Fifth Avenue
New York, NY  10151

May 15, 2017

69

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 15, 2017, upon the following in the manner indicated:

| | |
|---|---|
| Karen L. Pascale, Esquire<br>Robert M. Vrana, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| David Silverstein, Esquire<br>AXINN, VELTROP & HARKRIDER LLP<br>114 West 47th Street, 22nd Floor<br>New York, NY  10036<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Aziz Burgy, Esquire<br>Christopher Gallo, Esquire<br>AXINN, VELTROP & HARKRIDER LLP<br>950 F Street, NW, 7th Floor<br>Washington, DC  20004<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Ryan A. Cook, Esquire<br>AXINN, VELTROP & HARKRIDER LLP<br>90 State House Square, 9th Floor<br>Hartford, CT  06103<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)